PHEOSHA WRIGHT and
TIMOTHY NABORS, SR.,

        Plaintiffs,

        v.                            Case No. 25-cv-1596-bhl

JARED HOY et al.,

        Defendants.

## DECISION AND ORDER

The facts giving rise to this 42 U.S.C. §1983 case are undeniably tragic: On October 21, 2022, Timothy T. Nabors, Jr., who was incarcerated at the Green Bay Correctional Institution, was stabbed in the chest by another inmate wielding a makeshift knife. Shortly thereafter, despite doctors' efforts, Nabors succumbed to his wounds and died. Nearly three years later, on October 20, 2025, Plaintiffs brought this action against Warden Dylan Radtke, Department of Corrections Secretary Jared Hoy, and unidentified prison and medical staff. Plaintiffs asserted four causes of action: (1) Eighth Amendment failure-to-protect claims; (2) Fourteenth Amendment equal protection claims; (3) failure-to-train claims under a theory of *Monell* liability; and (4) state-law wrongful death and negligence claims. On March 23, 2026, Warden Radtke and Secretary Hoy filed a motion for judgment on the pleadings.[1] For the reasons explained below, the Court will grant the motion.

### ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege that, at about 6:30 a.m. on October 21, 2022, some inmates were released from their cells to pick up their medication. Officers allegedly observed an inmate chasing another inmate down a stairwell. Officers subdued the inmate and found a makeshift knife, fashioned from a bed frame. While escorting the inmate, officers found Nabors bleeding on the second tier. He

---

[1] Civil L. R. 7(b) requires any memorandum in opposition to a motion other than a motion for summary judgment or those brought under Civil L R. 7(h) to be filed within 21 days of service. Defendants filed their motion for judgment on the pleadings on March 23, 2026, making Plaintiffs' response due by April 13, 2026. Plaintiffs did not file their response until April 20, 2026, however. Defendants filed a reply that addresses Plaintiffs' response arguments. Accordingly, Defendants have not been prejudiced by the late filing, and the Court will accept Plaintiffs' response and will consider the arguments made therein.

had been stabbed in the chest, and although he was initially responsive, he quickly deteriorated and lost consciousness. Nabors was transported to the hospital, where he remained on life support until he was declared braindead five days later, on October 26, 2022.

According to Plaintiffs, Department of Corrections policy requires that all inmates pass through metal detectors before entering the cell hall. Plaintiffs assert that, despite this policy, the inmate who attacked Nabors was able to enter the cell hall with a large metal weapon, which he could not have done without staff negligence or complicity. Plaintiffs also allege that staffing shortages led to chaotic mass inmate movements, creating conditions that allowed this tragedy to unfold. Plaintiffs further allege that prison staff allowed too many inmates to exit their cells at once and that Nabors and the inmate who attacked him should not have been out of their cells at the same time. Finally, Plaintiffs allege that medical staff was not properly trained for trauma situations or to provide emergency care.

**LEGAL STANDARD**

The Seventh Circuit has explained that "[t]he only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mut. Ins. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020). Relevant here, a motion to dismiss is governed by Federal Rule of Civil Procedure 12(b)(6), which allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**THE COURT'S ANALYSIS**

Plaintiffs first assert that Warden Radtke and Secretary Hoy showed deliberate indifference to the serious risk Nabors faced because they "ignored clear warnings, failed to enforce contraband procedures, and permitted chaotic inmate movement." Plaintiffs fail to state a federal claim against Warden Radtke and Secretary Hoy because Plaintiffs include no factual content to allow the Court to reasonably infer that Warden Radtke and Secretary Hoy were personally responsible for or aware of the alleged failures. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that a defendant is liable for damages under §1983 only if she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with her knowledge and consent). Plaintiffs' bald insistence that Warden Radtke and Secretary Hoy "knew" Nabors faced a substantial risk of harm from this inmate is not supported by the factual allegations in the complaint. Green Bay Correctional Institution houses nearly a thousand inmates, and the suggestion that these high-ranking officials knew the specific details of every inmate's criminal history and psychological profile is not reasonable. Warden Radtke and Secretary Hoy cannot be found to be deliberately indifferent to unknown risks faced by unknown inmates. It is Plaintiffs' obligation to plead specific factual allegations from which the Court can reasonably infer that they knew that this inmate posed a serious risk of harm to Nabors. Plaintiffs have not done so.

Nor do Plaintiffs allege that Warden Radtke or Secretary Hoy were aware of officers' actions during mass movements or of their habits regarding the use of the metal detectors. Plaintiffs suggest that the officers were acting contrary to established procedures by allowing too many inmates to leave their cells at the same time, but Plaintiffs do not allege that Warden Radtke or Secretary Hoy knew that officers were not complying with these procedures. And, in any event, violation of a prison policy alone does not violate the Constitution or suggest deliberate indifference. *See Lewis v. Richards*, 107 F.3d 549, 553 n. 5 (7th Cir. 1997). Again, Warden Radtke and Secretary Hoy cannot be found to have been deliberately indifferent to risks that they did not know about. Finally, to the extent Plaintiffs seek to sue Warden Radtke and Secretary Hoy based on their roles as supervisors, it has long been held that there is no supervisory liability under §1983. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

3

Plaintiffs fail to state a Fourteenth Amendment equal protection claim for similar reasons. Plaintiffs conclude that the "attack on Nabors was racially motivated, and [that] Defendants' failure disproportionately exposed Black inmates to violence while tolerating white supremacist threats." Dkt. No. 1 at ¶40. They also allege that the "prison administration is more lax on white supremacists, but they target Black gangs." *Id.* at ¶41. Plaintiffs provide no details regarding Defendants so-called "failures," nor do they allege actions that suggest "tolerance" for "white supremacist threats." Plaintiffs' allegations do not offer even basic factual content that would support or explain the bald conclusion that prison administration was "more lax on white supremacists" and that they "target Black gangs." Nor do Plaintiffs allege that Nabors was a member of a "Black gang," raising the question of how Nabors was harmed by this alleged difference in treatment. In short, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Plaintiffs also fail to state a *Monell* claim against Warden Radtke and Secretary Jared Hoy. It is well settled that *Monell* liability does not extend to state government officials sued in their personal capacity. "Because personal capacity suits are really suits against the official as an individual, not against the government entity, *Monell* is always inapplicable." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988). Moreover, a suit against an officer of a state agency in his official capacity is effectively a suit against the state, and the state is not a "person" subject to liability under §1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

The Court concludes that Plaintiffs fail to state a federal claim against Warden Radtke and Secretary Jared Hoy. The Court will therefore relinquish jurisdiction over the state-law claims against them. *See Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015); *see also* 28 U.S.C. §1367(c)(3).

The Court also concludes that the claims Plaintiffs purport to bring against John Doe Defendants are barred by the statute of limitations. In Wisconsin, the statute of limitations for §1983 lawsuits is three years. Wis. Stat. §893.53. Importantly, amendments to a complaint that identify a John Doe Defendant do *not* relate back to the original complaint. *Herrera v. Cleveland*, 8 F.4th 493, 498–99 (7th Cir. 2021). Here, the statute of limitations expired in October 2025, three years after Nabors was stabbed and died. Plaintiffs did not identify and sue the staff members who

4

they allege were involved in the incident before the expiration of the limitations period, and any attempt to do so in an amended complaint would not relate back to the original complaint. Accordingly, any claims that Plaintiffs may try to bring in an amended complaint against individual staff members would be time-barred.

The Court therefore will grant Defendants' motion for judgment on the pleadings, but the Court will not dismiss this action at this time.  Instead, the Court will grant Plaintiffs' request for leave to file an amended complaint.  If Plaintiffs believe they can cure the deficiencies identified in this decision, they may file an amended complaint by **June 22, 2026**.  If no amended complaint is received by the deadline, the Court will dismiss this case based on Plaintiffs' failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants' motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**.  If Plaintiffs believe they can cure the deficiencies identified in this decision, they may file an amended complaint by **June 22, 2026**.

Dated at Milwaukee, Wisconsin this 1st day of June, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5